UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MURPHY,

        Plaintiff,        Civil Action No. 12-cv-13962
                               Honorable Stephen J. Murphy, III
                               Magistrate Judge David R. Grand

v.

BURKE LANGE and JON TOROLSKI
in their individual capacities, and
CITY OF WESTLAND, a municipal
corporation,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE**

**I.    RECOMMENDATION**

For the following reasons, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED for failure to prosecute, engage in the discovery process, and comply with Orders of the Court.

**II.    REPORT**

    **A.    Background**

On September 7, 2012, Plaintiff Steven Murphy filed a complaint against Defendants, alleging excessive use of force during the Plaintiff's arrest, in violation of 42 U.S.C. § 1983, along with other tortious conduct. [1]. Defendants answered on October 15, 2012, and discovery proceeded with a discovery cut-off date of January 1, 2014. [6, 13].

On September 17, 2013, Defendants filed a motion to compel Plaintiff's deposition, or in the alternative to dismiss his complaint for failure to engage in the discovery process. [15]. On

September 24, 2013, this Court held a telephonic hearing with the parties' counsel, where Plaintiff's counsel admitted that Defendants were entitled to depose Plaintiff, but claimed that he had been having a difficult time contacting his client. Plaintiff's counsel stated that he would use his best efforts to contact Plaintiff and make him available for deposition. As a result of this conference, the Court granted Defendants' motion and ordered Plaintiff to sit for his deposition on or before October 8, 2013. [17].

On October 8, 2013, Defendants advised the Court that Plaintiff had not appeared for his scheduled deposition as required by the Court's Order. On October 9, 2013, counsel for Plaintiff moved to withdraw from the case, citing the fact that he had been unable to make any contact with his client. [18]. On the same day, this Court issued an Order to Show Cause, requiring Plaintiff to show cause why his case should not be dismissed for failure to comply with a Court order and for failure to prosecute his case and/or engage in the discovery process. [19]. The Court expressly warned Plaintiff that his failure to comply with the Order to Show cause could result in the dismissal of his claim. [*Id.*]. Plaintiff was required to respond to the Order to Show Cause by October 23, 2013. [*Id.*]. To date, however, Plaintiff has not responded.

### B. Legal Standard

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite Rule 41(b)'s somewhat permissive language, which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure

2

to prosecute or comply with an order of the Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001); *Luckett v. Bayoneto*, 2013 WL 5203851, at *2 (E.D. Mich. Sept. 16, 2013). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).[1]

In reviewing a district court's decision to dismiss a case for failure to prosecute the Sixth Circuit considers the following four factors which guide this Court's analysis as well:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could

---

[1] In addition, Rule 37(b)(2) provides, in relevant part, that "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi). In other words, "A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit . . ." *Pavlik v. Brand Scaffold Builders, LLC*, 2008 WL 597160, *4 (E.D. Mich. Mar. 4, 2008) (quoting *Bank One of Cleveland N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). Finally, Rule 37(d)(1) similarly permits a Court to sanction a party on motion, up to dismissal of his action, for failure to attend his own deposition.

>lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

**C.    Analysis**

Here, all of the above factors favor dismissal. Plaintiff has failed to appear for his own deposition on multiple occasions, including once after this Court entered an Order requiring him to sit for deposition. [17]. He has similarly disregarded this Court's Order to Show Cause, which advised him of the potential consequences – including dismissal of his case – for his failure to respond. [19]. Thus, the first[2] and third factors weigh in favor of dismissal. As to the second factor, Defendants are clearly prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Plaintiff's failure to prosecute his claims. Finally, given Plaintiff's failure to prosecute his case despite being given two warnings by the Court, there is no utility in imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal.

The Court also notes that it is clear from his counsel's representations both to this Court and in the motion to withdraw, that Plaintiff's lack of participation is due in no part to dilatory conduct of counsel. Indeed, counsel represents that despite multiple attempts using various means, he has lost all contact with Plaintiff. [18, ¶¶ 2-5 and accompanying exhibits]. Ultimately

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* And, here the Court notes the presence of at least some degree of willfulness as Plaintiff's counsel had reached him at least once to re-schedule his deposition (after Plaintiff had failed to appear at his original deposition), only for the Plaintiff to fail to get back in touch with him. [15, 17]. This more than offsets any vague claim that Plaintiff had experienced unspecified "health issues." [17].

this is Plaintiff's case, and his failure to prosecute it, engage in the discovery process, appear for his deposition, or comply with Orders of this Court, leads this Court to recommend that his claims be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C), 37(d) and 41(b). *See Jarrett-Cooper v. United Air Lines, Inc.*, 2013 U.S. Dist. LEXIS 4504, *10-11 (E.D. Mich. Jan. 11, 2013) (dismissing claims under failure to prosecute where plaintiffs failed to comply with court orders, participate in discovery, or "even communicate with their attorney").

### III.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Complaint **[1]** be **DISMISSED WITH PREJUDICE**.

Dated: October 28, 2013            s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                          s/Felicia M. Moses
                                                          FELICIA M. MOSES
                                                          Case Manager

Dated: October 28, 2013